IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GIANT EAGLE, INC.,

           Plaintiff,                        12cv987
                                                     **ELECTRONICALLY FILED**

               v.

UNITED FOOD & COMMERCIAL
WORKERS UNION, LOCAL 23,

           Defendant.

## MEMORANDUM OPINION RE. CROSS- MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 23 and 25)

### I.      Introduction

This case centers around a grievance filed against Plaintiff Giant Eagle, Inc. ("Giant Eagle") by Defendant United Food & Commercial Workers Union, Local 23 ("Local 23" or "Union").  Local 23 filed a grievance against Giant Eagle because of raises that were given to certain employees that the Union contends were done in violation of the parties' Collective Bargaining Agreement.  On July 13, 2012, Giant Eagle filed a Complaint in this Court seeking a stay of a July 4, 2012 Arbitration Award which ordered Giant Eagle to rescind raises that had been given to employees.  Doc. No. 1.  Local 23 filed an Answer and Counterclaim seeking enforcement of the Arbitration Award.  Doc. No. 12.

Presently before this Court are the parties' Cross-Motions for Summary Judgment.  Doc. Nos. 23 and 25.  Plaintiff Giant Eagle moves, in its Motion for Summary Judgment, the Court to vacate the Arbitration Award.  Doc. No. 23.  Defendant Local 23 moves, in its Motion for Summary Judgment, that the Arbitrator's Award be enforced.  Doc. No. 25.  After careful consideration of the parties' Motions for Summary Judgment, briefs in support thereof,

statements of material facts, and response and reply briefs (doc. nos. 22-28, 31-32): Giant

Eagle's Motion for Summary Judgment (Doc. No. 23) will be DENIED; Local 23's Motion for

Summary Judgment (Doc. No. 25) will be GRANTED; and the Arbitrator's Award will be

ENFORCED.

II.     **Facts**

There are no disputed genuine issues of material fact in this case.  This Opinion is based

upon review of the parties' Collective Bargaining Agreement and the Arbitrator's Award.  Doc.

Nos. 22-1, 22-2.

Giant Eagle is supermarket chain which has stores in Pennsylvania, Ohio, West Virginia,

and Maryland.  Doc. No. 27, ¶ 1.  Local 23 is the collective bargaining representative for certain

units of Giant Eagle employees in Pennsylvania and West Virginia.  Id. at ¶ 2.  Giant Eagle and

Local 23 entered into a Collective Bargaining Agreement for employees of the Edinboro,

Pennsylvania store ("the Agreement") which was in effect, per its terms, from August 3, 2008,

through August 7, 2011.  Doc. Nos. 22-2, Doc. No. 27, ¶ 8.

In early 2011, Giant Eagle gave wage increases and higher starting wages to twenty-five

(25) employees of the Edinboro store.  Doc. No. 27, ¶ 10.  Local 23 was not notified of these

wage increases prior to their implementation.  Doc. Nos. 22, ¶ 17 and 27, ¶ 13.  On March 8,

2011, Cheryl Lawson, on behalf of the full-time clerks at the Edinboro Giant Eagle, filed a

grievance over these wage increases.  Doc. No. 27, ¶ 11.  The grievance was that the "company

failed to notify Union in regards to granting higher rates of pay for less senior members."  Doc.

No. 12-2.

An Arbitration hearing was held on March 30, 2012.  Doc. Nos. 22-1, 3 and 27, ¶ 15.

The Arbitrator issued an Opinion and Award upholding Local 23's grievance.  Doc. No. 22-1.

The Arbitrator directed Giant Eagle to stop issuing raises "without first obtaining concurrence from the Union," and to rescind those increases already given.  Id. at 21.  The Arbitrator found that it was not appropriate for Giant Eagle to give other employees an increase to remedy this grievance.  Id.

The Court has jurisdiction to resolve this dispute pursuant to Section 301 of the Labor Relations Management Act, 29 U.S.C. § 185, the Federal Arbitration Act, 9 U.S.C. §§ 10 and 28 U.S.C. §§ 1331 and 1337.  Doc. No. 27, ¶ 5.

## III.   Standard of Review

Vacatur of an arbitration award is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  Generally, the FAA, "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms."  *Verve Communications Pvt. Ltd. v. Software Int'l, Inc.,* 2011 WL 5508636 *4 (D. N.J. Nov. 9, 2011) (*citing Ario v. Underwriting Memb. of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 288 (3d Cir. 2010)).  The FAA was "designed to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate."  *Id.*  The statute provides four grounds for vacatur:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> >
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The United States Supreme Court has instructed Federal courts to exercise a narrow and deferential role in reviewing arbitration awards arising out of labor disputes. *United Paperworks Int'l. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). Where parties have agreed to submit to arbitration under the FAA, a party may "ask a court to review the arbitrator's decision, but the court will set that decision aside only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942 (1995).

The United States Court of Appeals for the Third Circuit has held that where a party seeks vacatur on the basis that the arbitrators "exceeded their powers" pursuant to 9 U.S.C. § 10(a)(4), the Court must "'determine if the form of the arbitrators' award can be rationally derived either from the agreement between the parties or from the parties['] submissions to the arbitrators.'" *Ario*, 618 F.3d at 295, *quoting Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.*, 868 F.2d 52, 56 (3d Cir. 1989). Furthermore, an arbitration award cannot be overturned on this ground unless it is "'completely irrational.'" *Id.* As set forth by the United States Court of Appeals for the Third Circuit, this irrationality standard of review is quite deferential, as "'there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award.'" *Ario*, 618 F.3d at 295-96, *quoting United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).

Despite this deferential approach, courts will not simply "rubber stamp" the interpretations and decisions of arbitrators. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Schwarzwaelder*, 2012 WL 3264361, *4 (3d Cir. Aug. 13, 2012), reh'g granted (Oct. 16, 2012)

(*citing Matteson v. Ryder Sys. Inc., 99 F.3d 108*, 113 (3d Cir. 1996)).  Instead, the arbitrator is afforded "a strong presumption of correctness" because the parties to an arbitration agreement have bargained for their dispute to be resolved by the arbitrators rather than by the courts.  *Id.* (*citing Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 280 (3d Cir. 2004).  Again, the only role of the courts is to ask "whether the parties . . . got what they bargained for, namely an arbitrator who would first provide an interpretation of the contract that was rationally based on the language of the agreement, and second would produce a rational award."  *Id.*  (*citing Brentwood Med. Assocs. v. United Mine Workers of Am.,* 396 F.3d 237, 242 (3d Cir. 2005)).

IV.   **Discussion**

Giant Eagle seeks that this Court stay the Arbitration Award pending resolution of this matter and vacate the award because: (1) the Arbitrator's finding contradicts the Collective Bargaining Agreement; and (2) the Arbitrator improperly exceed the scope of his authority to resolve the grievance.  Doc. No. 24.

**A.  The Arbitration Award Does Not Contradict the Agreement**

Giant Eagle contends that the Arbitration Award must be vacated because it directly contradicts the parties' Agreement.  Doc. No. 24, 11-17.  Specifically, Giant Eagle argues that Article 14 of the Agreement gives it the sole discretion to increase starting rates, grant bonuses, and any other form of incentive and the Arbitrator's finding that "[t]he Employer violated Article 14.1 of the Agreement by granting individual employees wage increases *without obtaining approval from the Union*" directly contradicts this provision. (emphasis added).  The parties dispute whether the Agreement requires only notice to the Union prior to implementation, or if Union notification and consent are required, and whether the Arbitrator erred in finding that both notice and consent were required.

5

Article 14 of the Collective Bargaining Agreement governs "Wages."  Article 14.1 of the provides that:

> The Company can increase starting rates, grant bonuses, individual increases, and any other forms of incentives.  The increases can be done by department and/or store.  The employer agrees to notify and/or meet with the union to discuss these matters prior to implementation.  All of these changes can be done at the Company's sole discretion and any of these changes may be rescinded and/or modified.

Section 14.2 titled "Increase in Minimum Wage" sets forth the schedule that will apply if the state or federal minimum wage rate is increased.  Section 14.3 titled "Excess Rates" provides that "the Employer shall not pay any wage rates in excess of those listed in Appendix "A" of this Agreement without first discussing and obtaining the approval of the Union, except as provided in 14.1."  The last Section of Article 14, 14.4, concerns "new positions" and is not relevant to this Opinion.

An arbitration award draws its essence from a collective bargaining agreement and will be upheld when "its interpretation can in any rational way be derived from the agreement [when] viewed in light of its language."  *Dubois Logistics, LLC v. United Food & Commercial Workers Union Local 23*, 2012 WL 707103, at *3 (W.D. Pa. Mar. 5, 2012) (Gibson, J.) *quoting Brentwood*, 396 F.3d at 240.  This is an "extremely deferential" standard of judicial review.  *Southco Inc. v. Reell Precision Mfg. Corp.*, 331 Fed. Appx. 925, 928 (3d. Cir. 2009).

Despite Giant Eagle's arguments, there is sufficient evidence from the record from which the Arbitrator's Award could "in any rational way be derived from" the Agreement.  *See Rite Aid of New Jersey, Inc. v. United Food and Commercial Workers Union, Local 1360*, 2012 WL 4888308 (3d Cir. Oct. 12, 2012) *quoting Brentwood*, 396 F.3d at 241.  The Arbitrator did not ignore provisions in the Agreement which Giant Eagle contends render his Award unenforceable, including Article 14.3's provision, "except as provided in 14.1."  The Arbitrator

addressed Article 14 within its context and found that there was ambiguity as to whether 14.1's requirement that Giant Eagle notify the Union of, and discuss, potential wage increases with them prior to implementation also required the Union's consent.

The Arbitrator found that the provisions within Article 14 were conflicting as to what was necessary because "Article 14.1 requires the Employer [Giant Eagle] to notify and/or meet with the Union to discuss these matters prior to implementation.  Article 14.3 does not permit the Employer [Giant Eagle] to make any changes to the wage rates without first discussing with and obtaining approval of the Union, except as provided in Article 14.1."  Doc. No. 22-1, 19. Therefore, because he found that Article 14 was ambiguous, the Arbitrator considered the parties' bargaining history and past practice.

The Court finds that although the Collective Bargaining Agreement gives Giant Eagle the sole discretion to give wage increases and other incentives, it is not clear if those in dispute, individual increases given to 25 employees, were at the sole discretion of Giant Eagle. Specifically, Article 14.1 provides that wage increases "can be done by department and/or store . . . ."  Therefore, a reasonable reading of Article 14 could be that the incentives in which Giant Eagle has sole discretion are those done by department and/or store, not purely individual increases.  The Arbitrator's finding that Article 14 is ambiguous and after considering other evidence that Article 14 required both Union notice and consent is not totally unsupported. *Sutter, M.D. v. Oxford Health Plans LLC*, 675 F.3d 215, 220 (3d Cir. 2012) (*citing Brentwood*, 396 F.3d at 243) ("In other words, the task of an arbitrator is to interpret and enforce a contract. When he makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur."))

The Arbitrator specified that he was considering whether Giant Eagle had to notify the Union and obtain its consent for these individual raises and provided his interpretation of Article 14 as support.  A further explanation is not necessary.  *See United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award.").  The Arbitrator did not "rewrite the Labor Agreement" as Giant Eagle argues, but rather, interpreted Article 14 and what it required Giant Eagle to do prior to the wage increases.  See Doc. No. 31, 1.

The issue before this Court is not which parties' construction of Article 14 it believes should apply to the dispute, but rather, whether the Arbitration Award should be vacated, which both parties concede is a very demanding standard.  *See Brentwood*, 396 F.3d at 240 (An arbitration award will not be vacated "even if we find the basis for it to be ambiguous or disagree [] with  with [the arbitrator's] conclusions under the law.").  The Court does not find that the Arbitration Award has "no support in the record for its determination or  . . . it reflects manifest disregard of the agreement, totally unsupported by principles of contract construction." Therefore, the Arbitration Award will not be vacated on the grounds that it contradicts the Agreement.  *Exxon Shipping Co. v. Exxon Seamen's Union*, 993 F.2d 357, 360 (3d Cir. 1993).

**B.  The Arbitrator Did Not Exceed the Scope of His Authority**

Giant Eagle contends that the Arbitrator improperly decided the issue of whether Giant Eagle was required to both notify the Union and obtain its consent prior to implementing the wage increases in question.  Doc. No. 24, 17.  Giant Eagle contends that, prior to the hearing, the Union only complained of the lack of notice of the wage increases, rather than its right not only to receive notice of wage increases, but to veto them.  Id. at 18.

According to the United States Court of Appeals for the Third Circuit, arbitrators exceed their powers, when their award cannot "be rationally derived from the agreement between the parties or from the parties' submission to the arbitrators" or when the award is "completely irrational." *Ario*, 618 F.3d at 287.  The Court does not find that this standard is met.

First, the Arbitrator's decision was rationally based upon the Union's submitted issue, which is as follows:

> Violation of Contract Article: 14 and Appendix A
> Brief Explanation/Details: Company failed to notify union in regards to granting higher rates of pay for less senior members.  Additionally, there has been a lack of response from the Company during my investigation of this issue.

Doc. No. 26-4.  The Arbitrator found that Giant Eagle's actions in failing to notify the Union prior to granting pay increases, and therefore necessarily failing to seek the Union's consent (which he found required by Article 14), violated the Labor Agreement.  This finding is rationally based upon the scope of the issue before the Arbitrator, which incorporates Article 14 in its entirety.

Secondly, the Court finds that the Union's submitted issue: "[w]hether the Employer violated 14.1 of the Labor Agreement by giving individual employees wage increases without obtaining the approval of the Union, and if so, what is the remedy?" in its post-hearing brief included both notice and consent.  Doc. No. 26-6, 1.  Post-hearing briefs were agreed upon by the parties to be in lieu of oral closing arguments.  Doc. No. 22-1, 3.  The Arbitrator closed the record following receipt of the briefs.  Id.

The Court finds that the Arbitrator was within the scope of his duties to determine whether Article 14 required notification and Union consent based upon the Union's submitted issue and his reading of Article 14.  Therefore, the Arbitrator's decision will not be vacated on this ground.

V.        Conclusion

The Court understands that the net result of the Union's dispute is that some of its members will have their raises rescinded - - in other words, the action of the Union in the arbitration will have the effect of taking away raises of certain members, thereby causing harm to its own members.   However, the Court's inquiry is not which reading of Article 14 the Court agrees with or how this Court would have determined this dispute.   Arbitration Awards are given "a strong presumption of correctness" by District Courts.   *Major League Umpires Ass'n*, 357 F.3d at 280.   After review of the Arbitrator's Award, the Court finds that it can be rationally derived from the issue submitted before the Arbitrator and the Labor Agreement that was in dispute.   Therefore, the Award will be enforced.

An appropriate Order follows.


                                                                s/Arthur J. Schwab
                                                                Arthur J. Schwab
                                                                United States District Judge


cc:        All Registered ECF Counsel and Parties